UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LUZ ALEJANDRINA GUAMAN ZHININ, on behalf of
herself and others similarly situated,

                                                  **CASE NO.: 1:25-cv-00126-JGK**

                         Plaintiff,

            v.                                    **ANSWER**

VOANCE LLC d/b/a VOANCE HAIR SALON, and
RASHEDA AKTER,

                         Defendants.

-------------------------------------------------------------------X


        Defendants VOANCE LLC and RASHEDA AKTER (hereinafter referred to as the "Defendants"),

by their attorney, Law Offices of Mitchell S. Segal, P.C., as and for their answer to Plaintiff's Complaint

(the "Complaint"), deny each and every allegation contained in the Complaint except as admitted or

otherwise qualified herein, and allege on knowledge with respect to themselves and their own acts and on

information and belief as to all other matters that they:


## INTRODUCTION

1.  The Defendants deny the allegations contained in Paragraph "1" of the Complaint.


2.  The Defendants deny the allegations contained in Paragraph "2" of the Complaint.


## JURISDICTION AND VENUE

3.  Paragraph "3" of the Complaint asserts legal conclusions to which no answer is required.  To the extent

    an answer is required the Defendants aver that Plaintiff seeks the jurisdiction of this Court.

4. Paragraph "4" of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required the Defendants aver that Plaintiff seeks the jurisdiction of this Court.

**PARTIES**

5. The Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "5" of the Complaint and therefore deny these allegations.

6. The Defendants admit the allegations contained in Paragraph "6" of the Complaint.

7. The Defendants admit the allegations contained in Paragraph "7" of the Complaint.

8. The Defendants deny the allegations contained in Paragraph "8" of the Complaint.

9. The Defendants deny the allegations contained in Paragraph "9" of the Complaint.

10. The Defendants deny the allegations contained in Paragraph "10" of the Complaint.

11. The Defendants deny the allegations contained in Paragraph "11" of the Complaint.

12. The Defendants deny the allegations contained in Paragraph "12" of the Complaint.

13.  The Defendants deny the allegations contained in Paragraph "13" of the Complaint.

14.  The Defendants deny the allegations contained in Paragraph "14" of the Complaint.

15. The Defendants deny the allegations contained in Paragraph "15" of the Complaint.

16.  The Defendants deny the allegations contained in Paragraph "16" of the Complaint.

## STATEMENT OF FACTS

17. The Defendants deny the allegations contained in Paragraph "17" of the Complaint.

18. The Defendants deny the allegations contained in Paragraph "18" of the Complaint.

19. The Defendants deny the allegations contained in Paragraph "19" of the Complaint.

20. The Defendants deny the allegations contained in Paragraph "20" of the Complaint.

21. The Defendants deny the allegations contained in Paragraph "21" of the Complaint.

22. The Defendants deny the allegations contained in Paragraph "22" of the Complaint.

23.  The Defendants deny the allegations contained in Paragraph "23" of the Complaint.

24.  The Defendants deny the allegations contained in Paragraph "24" of the Complaint.

25. The Defendants deny the allegations contained in Paragraph "25" of the Complaint.

26. The Defendants deny the allegations contained in Paragraph "26" of the Complaint.

27. The Defendants deny the allegations contained in Paragraph "27" of the Complaint.

28. The Defendants deny the allegations contained in Paragraph "28" of the Complaint.

29. The Defendants deny the allegations contained in Paragraph "29" of the Complaint.

30. The Defendants deny the allegations contained in Paragraph "30" of the Complaint.

31. The Defendants deny the allegations contained in Paragraph "31" of the Complaint.

32. The Defendants deny the allegations contained in Paragraph "32" of the Complaint.

33. The Defendants deny the allegations contained in Paragraph "33" of the Complaint.

34. The Defendants deny the allegations contained in Paragraph "34" of the Complaint.

35. The Defendants deny the allegations contained in Paragraph "35" of the Complaint.

36. The Defendants deny the allegations contained in Paragraph "36" of the Complaint.

37.  The Defendants deny the allegations contained in Paragraph "37" of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

Defendants repeat and re-allege each and every answer to Paragraphs "l" through "37" as if fully set forth herein.

38. Paragraph "38" of the Complaint asserts conclusions to which no answer is required.  To the extent an answer is required the Defendants deny the allegations contained in Paragraph "38" of the Complaint.

39. Paragraph "39" of the Complaint asserts conclusions to which no answer is required.  To the extent an answer is required the Defendants deny the allegations contained in Paragraph "39" of the Complaint.

40.  Paragraph "40" of the Complaint asserts conclusions to which no answer is required.  To the extent an answer is required the Defendants deny the allegations contained in Paragraph "40" of the Complaint.

41.  Paragraph "41" of the Complaint asserts conclusions to which no answer is required.  To the extent an answer is required the Defendants deny the allegations contained in Paragraph "41" of the Complaint.

42. Paragraph "42" of the Complaint asserts conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "42" of the Complaint.

43. Paragraph "43" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "43" of the Complaint.

44. Paragraph "44" of the Complaint asserts conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "44" of the Complaint.

45. The Defendants deny the allegations contained in Paragraph "45" of the Complaint.

## STATEMENT OF CLAIM

### COUNT 1
### Violation of the Fair Labor Standards Act

46. Defendants repeat and re-allege each and every answer to Paragraphs "l" through "45" as if fully set forth herein.

47. The Defendants deny the allegations contained in Paragraph "47" of the Complaint.

48. The Defendants deny the allegations contained in Paragraph "48" of the Complaint.

49. The Defendants deny the allegations contained in Paragraph "49" of the Complaint.

50. Paragraph "50" of the Complaint asserts conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "50" of the Complaint.

51. The Defendants deny the allegations contained in Paragraph "51" of the Complaint.

52. The Defendants deny the allegations contained in Paragraph "52" of the Complaint.

53. The Defendants deny the allegations contained in Paragraph "53" of the Complaint.

54. The Defendants deny the allegations contained in Paragraph "54" of the Complaint.

55. The Defendants deny the allegations contained in Paragraph "55" of the Complaint.

56. The Defendants deny the allegations contained in Paragraph "56" of the Complaint.

57. The Defendants deny the allegations contained in Paragraph "57" of the Complaint.

58. The Defendants deny the allegations contained in Paragraph "58" of the Complaint.

<u>**COUNT II**</u>
**Violation of the New York Labor Law**

59. Defendants repeat and re-allege each and every answer to Paragraphs "l" through "58" as if fully set forth herein.

60. The Defendants deny the allegations contained in Paragraph "60" of the Complaint.

61. The Defendants deny the allegations contained in Paragraph "61" of the Complaint.

62. The Defendants deny the allegations contained in Paragraph "62" of the Complaint.

63. Paragraph "63" of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required the Defendants deny the allegations contained in Paragraph "63" of the Complaint.

64. The Defendants deny the allegations contained in Paragraph "64" of the Complaint.

65. The Defendants deny the allegations contained in Paragraph "65" of the Complaint.

66. The Defendants deny the allegations contained in Paragraph "66" of the Complaint.

67. The Defendants deny the allegations contained in Paragraph "67" of the Complaint.

68. The Defendants deny the allegations contained in Paragraph "68" of the Complaint.

69. The Defendants deny the allegations contained in Paragraph "69" of the Complaint.

70. The Defendants deny the allegations contained in Paragraph "70" of the Complaint.

71. The Defendants deny the allegations contained in Paragraph "71" of the Complaint.

72. Defendants deny all statements and allegations contained therein, including any claim for relief set forth in Plaintiff's "WHEREFORE" clause in the Complaint.

## ADDITIONAL AVERMENTS

73. Defendants deny all claims and allegations in the Complaint not unequivocally admitted herein.

## AFFIRMATIVE DEFENSES

74. Without assuming a burden as to any of the following Affirmative Defenses where the law does not impose such a burden, Defendants assert the following Affirmative Defenses.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

75. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

76. Plaintiff has received payment of all sums which may have been due under the Fair Labor Standard Act ("FLSA") and the New York Labor Law ("NYLL") and their respective regulations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

77. Plaintiff is guilty of laches which bar certain of her claims.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

78. Plaintiff is guilty of unclean hands which bars certain of their claims.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

79. Without conceding the burden of proof on such issue, at all times, Defendants acted lawfully and in good faith and in a non-reckless manner and, although they deny the allegations of unlawful conduct as set forth in the Complaint, they had reasonable grounds for believing that the acts or omissions alleged in the Complaint were not violative of the FLSA and the NYLL and their respective regulations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

80. Defendants acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretations of the United States and New York State Department of Labor.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

82. The Plaintiff's claims are barred to the extent that Plaintiff has failed to mitigate her damages or otherwise avoid harm.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and NYLL.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

84. Assuming, *arguendo,* that Plaintiff is entitled to any compensation for overtime, any time spent in any preliminary or postliminary activities by Plaintiff must be excluded from compensable hours.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

85. The Complaint is barred, in whole or in part, pursuant, *inter alia,* to the Portal-to- Portal Act and the FLSA.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

86. Neither the Complaint nor any of its causes of action states a claim upon which an award of attorneys' fees may be assessed against Defendants.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

87. Defendants reserve the right to present evidence, if such evidence exists, demonstrating

that Plaintiff engaged in misconduct of such severity that the Plaintiff would have been terminated if Defendants had known of the misconduct at the time it took place, thereby barring any claim for damages and/or other relief on behalf of the Plaintiff after that date.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

88. To the extent that Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, Defendants assert that defense.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

89. Defendants are not an Employer covered by the FLSA and/or the NYLL.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

91. Plaintiff cannot establish a willful violation under either the FLSA and/or NYLL.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

92. Plaintiff has named us as improper Defendants as we are not an "Employer".

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

93. The Defendants are not a "covered enterprise" under the FLSA and as such the Plaintiff has no claims under the FLSA.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

94. In addition to the foregoing defenses, Defendants retain the right to amend their Answer to raise additional affirmative and other defenses as those defenses becomes known during this litigation.

## JURY DEMAND

95. Defendants demand a trial by jury.

WHEREFORE, Defendants respectfully request a judgment,

1. Dismissing the Complaint in its entirety, with prejudice;

2. Denying each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

3. Awarding Defendants reasonable attorney fees and costs incurred in defending against this meritless action, and

4. For such other and further relief as to this Court deems just and proper.

Dated:  Manhasset, New York
       February 22, 2025

                                          LAW OFFICES OF MITCHELL S. SEGAL, P.C.
By: /s/ Mitchell S. Segal
Mitchell S. Segal, Esq. (MS4878)
*Attorney for Defendants*
1129 Northern Boulevard, Suite 404
Manhasset, New York 11030
Ph. (516) 415-0100
Fx. (516) 706-6631
e-mail: msegal@segallegal.com

To:   Justin Clienti, Esq.
     *Attorneys for Plaintiff*
     CLIENTI & COOPER, PLLC
     60 East 42nd Street- 40th Floor
     New York, NY 10165
     Tel.: (212) 209-3933
     Fax: (212) 209-7102